## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

## EASTERN DIVISION

| | | |
|---|---|---|
| **KEVIN SLAUGHTER**<br>  1128 West 30th Street<br>  Lorain Ohio 44052 | ) | Case Number: |
| | ) | |
| and | ) | |
| **ARAZIS SLAUGHTER**<br>  1128 West 30th Street<br>  Lorain Ohio 44052 | ) | |
| | ) | |
| Plaintiffs, | ) | **C O M P L A I N T** |
| -vs- | ) | Jury Demand Endorsed Hereon |
| **SWEETS AND GEEKS**<br>**NORTH OLMSTED LLC**<br>  4954 Great Northern Boulevard<br>  Space 270<br>  North Olmsted, OH 44070 | ) | |
| | ) | |
| | ) | |
| **JIM MCMAHAN, JR**<br>  342 Smith Road<br>  Medina, OH 44256 | ) | |
| Defendants. | ) | |

## INTRODUCTION

1.     This is an action instituted under the Civil Rights Act of 1991, 42

U.S.C. §1981, as amended (2025 Supp.), Title II of the Civil Rights Act of

1964, 42 U.S.C. §2000a (2025 Supp.) and the Ohio Civil Rights Act, Ohio Revised Code §§4112.01, *et seq.* (2025 Supp.) and the Thirteenth Amendment to the Constitution of the United States to vindicate personal protected rights against unlawful interference with personal services and contractual rights on the basis of race.

## JURISDICTION

2. With respect to constitutional and federal claims under 42 U.S.C. §§1981a, jurisdiction is asserted pursuant to 28 U.S.C. §1331 and 28 U.S.C. §§1343 (3) and (4). Jurisdiction is asserted likewise with respect to declaratory relief pursuant to 28 U.S.C. §§ 2201-2202. With respect to state claims, jurisdiction is asserted pursuant to 28 U.S.C. §1367.

## PARTIES

3. Plaintiffs, Kevin and Arazis Slaughter, are residents of the State of Ohio with their place of domicile at 1128 W. 30th Street in the City of Lorain, Ohio.

4. Defendant, SWEETS AND GEEKS NORTH OLMSTED, LLC, located at 4954 Great Northern Boulevard, Space 270 in the City of North Olmsted, Ohio, is a place of public accommodations and has otherwise engaged in conduct, acts and practices, with respect to its policies and

administration seeking to limit and deny choice on account of race and otherwise deny equal contract rights on the basis of race and color.

## Count I - DISCRIMINATION

5.  Plaintiff reasserts the foregoing allegations and incorporates them by reference as if fully set forth herein.

6.  Plaintiffs Kevin and Arazis Slaughter are members of a racial minority.

7.  Plaintiffs Kevin and Arazis Slaughter were celebrating their two-year wedding anniversary the weekend of February 22, 2025.

8.  As part of their anniversary celebration plaintiffs went to shop at the Great Northern Mall on February 22, 2025.

9.  Plaintiffs Kevin and Arazis Slaughter entered the mall through SWEETS AND GEEKS NORTH OMLSTED LLC ("Sweets and Geeks") where they spent twenty to thirty minutes looking around at the products they considered for purchase, then headed into Bath and Body Works across from Sweets and Geeks.

10. Plaintiffs noticed that an employee of Sweets and Geeks came into Bath and Body Works while they were looking at products and stood in the store staring at them.

11. After shopping at Bath and Body Works and after making their purchase, plaintiffs were confronted by officers of the City of North Olmsted Police Department.

12. Plaintiffs were told they were accused of stealing items at Sweets and Geeks on February 20, 2025.

13. Based on allegations by the defendants, five units of the City of North Olmsted Police were dispatched inside and outside the mall in response to the call by defendants.

14. Six officers of the City of North Olmsted Police Department interrogated the plaintiffs while the public observed what was going on.

15. As a consequence of the communications between defendants Sweets and Geeks and the local police, plaintiffs were humiliated and embarrassed by the public interrogation triggered by the defendants.

16. Defendant Sweets and Geeks showed photos from surveillance footage taken February 20, 2025 to the North Olmsted Police Department, several days before the visit by the plaintiffs, which are included in this paragraph and are incorporated by reference:





6 | P a g e



17.    North Olmsted Police released Plaintiffs stating the person in "the photo didn't even look like them;" photos showing the obvious difference between the photos from the store video and photos of Plaintiff Kevin Slaughter, below, show no similarities between the two except for their race.




8 | P a g e

 

18.     Plaintiffs were wrongfully denied services and the making of contracts in violation of federal law on the basis of race.

19.     Plaintiffs drove back home in silence.

20.     Plaintiff Kevin Slaughter subsequently sought psychological counseling and was diagnosed with psychological trauma, stress reaction, and Post Traumatic Stress Disorder on February 25, 2025.

21.     Plaintiff Arazis Slaughter was likewise traumatized by the consequences of the allegations made by the defendants.

22.     Because of the trauma arising out of racial discrimination, plaintiffs have not been and will not return to shop at the Great Northern Mall and to Sweets and Geeks since the incident.

## Count II- Retaliation

23.     Plaintiffs reassert the foregoing allegations and incorporate them by reference as if fully set forth herein.

24.     Defendants knew Plaintiff was Black, knew that they looked nothing like the person identified in their store several days before, but alleged to the City of North Olmsted Police Department that at least Mr. Slaughter was the same person whom they alleged stole goods from the store.

25.     The sole reason for reporting the plaintiff was because of their race in retaliation for plaintiff's exercise of rights ensured under the Thirteenth Amendment to the Constitution of the United States and federal laws.

26.     The acts and conduct of the defendant were intentional, malicious and in wanton and reckless disregard of the rights of the plaintiffs guaranteed under the Thirteenth Amendment to the Constitution of the United States and the laws of the United States.

Wherefore, plaintiffs urge this Court to grant the following relief:

A.  Declare that the acts and conduct of the defendants, jointly and severally, constitute unlawful actions the Thirteenth Amendment to the Constitution of the United States, the Civil Rights Act of 1991, 42 U.S.C. §1981a, as amended (2025 Supp.), the Ohio Civil Rights Act, Ohio Revised Code §§4112.01, *et seq.* (2025 Supp.) and Title II of the Civil Rights Act of 1991, 42 U.S.C. §2000a;

B.  Grant a permanent injunction enjoining defendants, their officers, members, successors, assigns, and all persons in active concert or participation with it, from engaging future racial discrimination and retaliation, and any other unlawful practices which discriminate on the basis of race prohibited by the Thirteenth Amendment, the Civil Rights Act of 1991, 42 U.S.C. §1981a, as amended (2025 Supp.), the Ohio Civil Rights Act, Ohio Revised Code §§4112.01, *et seq.* (2025 Supp.) and Title II of the Civil Rights Act of 1991, as amended, 42 U.S.C. §2000a.

C.  Order defendants not to retaliate in any respect against the plaintiffs by depriving them of equal benefits provided by the Thirteenth Amendment and federal and state law;

D. In order to remedy the effect of their actions toward the plaintiffs, direct that the establishment form a policy and process to protect persons against racial discrimination and establish a monitoring system for a period of three years not to discriminate in the making of contracts of potential purchasers who are Black;

E. Maintain continuing jurisdiction of this matter until such time as a new policy and procedure for treating person entering a place of public accommodations are no longer subject to racially discriminatory or retaliatory actions by the defendants;

F. Order defendants to make plaintiffs whole by providing compensation for past and future losses resulting from the unlawful practices complained of, including past and future losses relating to medical bills arising out of related injuries, emotional pain, suffering, loss of enjoyment of life, inconvenience, humiliation and other related costs in an amount to be determined at trial.

G. Order all defendants, jointly and severally, to pay to the plaintiffs appropriate compensatory damages;

H. Order defendants, jointly and severally, to pay plaintiffs appropriate punitive and exemplary damages for their intentional,

malicious and reckless conduct in an amount to be determined at trial.

I.  Order defendants to pay plaintiff costs and statutory reasonable attorney fees.

J.  Grant such further relief as the court deems necessary, proper, just and equitable in the public interest.

s/ Christopher Kolezynski

Christopher Kolezynski (0097922)
KOLEZYNSKI LAW LLC
P.O. Box 29046
Parma, OH 44129
T: 440.497.7039
christopher@kolezynskilawllc.com

s/ Avery Friedman

Avery S. Friedman (0006103)
Attorney at Law
910 The IMG Center
1360 East Ninth Street
Cleveland, OH 44114
T: 216.621.9282
avery@lawfriedman.com
fairhousing@gmail.com

*Attorneys for Plaintiffs Kevin and Arazis Slaughter*

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury.

s/ Avery Friedman

AVERY S. FRIEDMAN